THE AFFIDAVIT OF LUIS LOPEZ
IN SUPPORT OF A PETITION
SEEKING HABEAS RELIEF

Commonwealth of Pennsylvania

          ss

Cambria County

I, Luis Lopez, being of the age of majority and sound in both my mind and body am competent to make this Affidavit, and do swear before God Almighty and affirm under penalty of perjury that the following is true and correct from my personal knowledge and experience-- and where I quote or reference another, I believe the quote or reference to be true and correct--thus duly sworn, deposed, and say:

NOTICE: This Affidavit is made in good faith and not for injury to anyone or their commercial interest.

   (1) "Enacted on December 21, 2018, the First Step Act (hereinafter 'FSA') was the result of bipartisan legislative effort to moderately overhaul the criminal justice system... Congress aimed to enhance the public safety by improving the effectiveness and efficiency of the federal prison system with offender risk and needs assessments, individual risk reduction incentives and rewards, and risk recidivism. HR REP. NO. 115-699 at 22 (2018)." See United States v Simmons, 375 F. Supp 3d 379 (2nd C. 2019). The FSA authorized:

    "18 USC §3632(a). Not later than 210 days after the enactment date of this Subchapter [July 19, 2019], the Attorney General, in consultation with the Independent Review Committee authorized by the First Step Act

of 2018, shall develope and release publically on the Department of Justice website, a Risk and Needs Assessment, which shall be used to:
 18 USC §3632(a)(1) Determine the recidivism risk of each person as part of the intake process, and classify each prisoner as having a minimum, low, medium or high risk of recidivism."

1.1 The United States District Court for the District of Nebraska sentenced the Petitioner to 90 months of incaerceration on June 17, 2022. See Exhibit 1

1.2 The Petitioner was convicted of 21 USC 846, conspiracy to distribute and possess with intent to distribute methamphetamine.

1.3 At sentencing the District Court determined the Petitioner was due one year, two months, and three days of "jail credits." see Exhibit 1a.

1.4 The Petitioner is currently incarcerated at FCI Loretto in Loretto, Pennsylvania where he is taking ACE classes, programs per the First Step Act, and has no incident reports. See Exhibits 2 & 2a.

1.5 Both the Petitioner's Sentencing Monitoring Computation Data sheet and Individualized Needs Form state he is First Step Act (FSA) eligible. See Exhibits 1 & 2.

1.6 On February 9, 2025 the Petitioner's FSA Time Credit Assessment (see Exhibit 3) stated he had earned 340 earned-time credits applied toward release. On April 14, 2025 his FSA Time Credit Assessment (see Exhibit 4) stated he had zero earned-time credits applied toward release.

(2) The Petitioner originally tried to resolve the issue regarding an

apparent Detainer/Final Order of Removal with Staff (see Exhibit 5), but he never received a response.

(3) With no other viable alternative, the Petitioner began the administrative remedy process.

    3.1 On July 9, 2025 the Petitioner prepared and submitted a BP-8 to the Case Manager (see Exhibit 6). The BP-8 was subsequently denied on July 11, 2025 due to a "final order of removal" (see Exhibit 6a).

    3.2 On July 13, 2025 the Petitioner prepared and submitted a BP-9 to the Warden at FCI Loretto. See Exhibit 7. The BP-9 was denied on July 30, 2025 due to a final order of removal. See Exhibit 7a.

    3.3 The Petitioner prepared and submitted a BP-10 to the Northeast Regional Office in Philadelphia, Pennsylvania on July 30, 2025. See Exhibit 8.

(4) While waiting for the response to the BP-10 the Petitioner attempted to contact first ICE (see exhibit 9) and then the Department of Homeland Security (see Exhibit 10) in order to obtain a copy of his final order, but no response was ever received. The First Step Act (FSA) does contemplate a "final order of removal" and as such it must be pursuant to 8 CFR §1241.10 - Final Order of Removal. A 'Detainer Action Letter' is not contemplated by the FSA nor is a 'Final Administrative Order. In order to be subjected to a Final order pursuant to 8 CFR §1241.10 the Petitioner would have to go before an ICE Judge and have legal counsel represent him. None of that has taken place. See Exhibit 11.

3

(5) There is also the issue of when the Petitioner begins to earn ETC's. The BOP begins to apply ETC's from the day an inmate is committed to the BOP whereas the Petitioner believes the FSA states that he is entitled to have ETC's applied from the day of sentencing. He was sentenced on 6/17/2022 and committed on 7/5/2022, a difference of 18 days, or 6 ETC's. See 18 USC §3585(a) and 18 USC 3632(d)(4)(B)(ii).

(6) The First Step Act is very clear in that once ETC's are applied, they cannot be taken away. By the BOP's own admission the Petitioner was FSA eligible until April 2, 2025. His detainer is dated April 1, 2025 so all of the ETC's earned through March 31, 2025 must[1] be applied. The Petitioner was sentenced on June 17, 2022 so to date he has accumulated 420 ETC's.

(7) The BOP assumes the Detainer Action Letter is synonymous with a final order of removal, but if that were the case Congress would not have taken the trouble to frame the former in a separate statute, i.e., 8 CFR §235.3. Also, the term 'Detainer Action Letter' is no where to be found in the First Step Act.

The petitioner has been told by Staff that he cannot have his ETC's applied because he has a final order of removal. He has asked Staff, the BOP, ICE and DHS for a copy of the alleged final order and no one is willing to provide a copy. Even is such an order existed, it doesn't, he is owed 420 ETC's. By failing to provide on the one hand the documents requested, and on the other hand depriving him what by law is his, the BOP, ICE, and DHS have ar-

---

1 <u>Alabama v Bozeman</u>, 533 US 146 (2001): must is the language of command.

arbitrarily and capriciously denied the Petitioner his Fifth and Fourteenth Amendment right to due process, and they have negatively effected his liberty interest. Given what has been stated he is asking the Court to ORDER the Respondents to answer within fifteen days as to why relief should not be GRANTED.

July 30, 2025

Submitted by:

Luis López

5